**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KRISTEN BEHRENS, Esquire, as Administrator of the Estate of H.J., a Deceased Minor** | : | **CIVIL ACTION** |
| **v.** | : | |
| **United States of America** | : | **NO. 25-6575** |

## MEMORANDUM OPINION

**Savage, J.** **August 27, 2026**

What started as a medical malpractice action against a community health center and five of its employees in state court has transformed into an action under the Federal Tort Claims Act (FTCA) against the United States. Because the health center receives federal funds, its employees are deemed federal employees of the Public Health Service under the Public Health Service Act (PHSA) and the Federally Supported Health Centers Assistance Act (FSHCAA). 42 U.S.C. § 233(g). Accordingly, because federal employees are entitled to the immunity from liability provided by the FTCA, the United States removed the state court action and substituted itself as the defendant.

The United States moves to dismiss, arguing that the action is barred by the FTCA's two-year statute of limitations.[1] Acknowledging this action was filed more than two years after its accrual, the plaintiff, Kristen Behrens, relies on the Westfall Savings Clause, 28 U.S.C. § 2679(d)(5), which excuses late filing where the plaintiff filed the action in the wrong forum instead of with the appropriate agency.[2] The United States contends

[1] Memorandum of Law in Support of Motion to Dismiss [Def.'s Mot. Dismiss] 7, ECF No. 10-1.

the savings clause does not apply to tort actions removed pursuant to the PHSA.[3]

We conclude that once the action was removed and the United States was substituted as the defendant, all the provisions of the FTCA, including the Westfall Savings Clause, applied. Therefore, because Behrens undisputedly satisfied the requirements of the savings clause, her action was filed timely and we will deny the motion to dismiss.

## Background

H.J. was born on May 28, 2019.[4] Shortly after her birth, she was placed under the supervision of the Philadelphia Department of Human Services and the medical care of Philadelphia FIGHT, a federally funded community health center.[5] During her first fifteen months, H.J. was well-developed and well-nourished, with no reported concerns regarding her diet, feeding, or growth.[6]

In November 2020, H.J. was placed in the care of a kinship foster parent, Kiana Casey.[7] Between January 2021 and June 2022, the Philadelphia FIGHT medical team examined H.J. on five occasions, during which time her health declined.[8] Examinations revealed weight loss, disturbing feeding behaviors, and starvation.[9] H.J. died on July 12,

[2] Plaintiff's Opposition to Defendant United States of America's Motion to Dismiss [Pl.'s Opp'n"] 7–14, ECF No. 12.

[3] Def.'s Mot. Dismiss 9–14.

[4] Compl. ¶ 15.

[5] *Id.* at ¶ 17.

[6] *Id.* at ¶ 18.

[7] *Id.* at ¶ 20.

[8] *Id.* at ¶¶ 21–39.

[9] *Id.*

2022. The Philadelphia Medical Examiner's Office determined her cause of death was multiple blunt impact injuries, and the manner of death was homicide.[10]

Behrens, as administrator of H.J.'s estate, initiated a medical malpractice action in the Philadelphia County Court of Common Pleas by writ of summons on July 8, 2024.[11] Three months later, she filed a complaint. On February 11, 2025, the United States, on behalf of Philadelphia FIGHT and its employees, removed the action to this court under § 233 of the FSHCAA.[12] The United States then moved to substitute itself for the Philadelphia FIGHT defendants and to dismiss the action.[13]

On March 6, 2025, the action was dismissed without prejudice for failure to exhaust administrative remedies. On March 13, 2025, Behrens submitted a claim on Standard Form 95 to Department of Health and Human Services (HHS).[14] After six months passed without a response, Behrens filed this action on November 21, 2025.[15]

The United States moves to dismiss under Federal Rule of Civil Procedure 12(b)(1). It argues Behrens' complaint should be dismissed because it was not filed within the FTCA's two-year statute of limitations, 28 U.S.C. § 2401.[16] It contends the Westfall Savings Clause does not excuse her late claim because the savings clause applies only to cases removed under 28 U.S.C. § 2679(d), not under 42 U.S.C. § 233(c).[17] The United

---

[10] Compl. ¶ 41.

[11] Pl.'s Opp'n 5.

[12] *Behrens v. United States*, No. 25-cv-0732 (E.D. Pa. Feb. 11, 2026) ECF No. 1.

[13] *Id.* ECF No. 4.

[14] *Id.* ECF No. 10.

[15] Pl.'s Opp'n 6.

[16] Def.'s Mot. Dismiss 7–9.

[17] *Id.* 9–12.

States asserts that even if the savings clause does apply, initiating the action by writ of summons in the Pennsylvania state court to initiate the action was insufficient to timely commence a civil action within the meaning of the savings clause.[18]

Behrens counters that the Westfall Savings Clause saves her action because an action removed under § 233(c) is channeled into the FTCA, where it is treated as an action under Title 28.[19] She contends that courts in the Third Circuit have long treated the Westfall Savings Clause as applicable to removals under § 233(c).[20] Behrens also argues that filing a praecipe for writ of summons commenced the action and was sufficient to toll the statute of limitations.[21]

**Statutory Overview**

Federal employees are shielded from liability for their tortious acts done in the course of their employment. 28 U.S.C. § 2679(c). The FTCA extends this limited immunity to all federal employees. 28 U.S.C. §§ 1346, 2671–2680. The United States is substituted for the employees. 28 U.S.C. § 2674. The FTCA is the exclusive remedy for tort claims against the United States. 28 U.S.C. § 2679(b)(1).

When their employers receive federal funds, non-government employees are given the same immunity as federal employees. Relevant here are community health centers and their workers who are deemed Public Health Service employees. 42 U.S.C. § 233(g). Thus, tort actions brought against them must be brought against the United States under the FTCA.

---

[18] Def.'s Mot. Dismiss 12–15.

[19] Pl.'s Opp'n 8–10.

[20] *Id.* at 10–12.

[21] *Id.* at 14–16.

The FTCA establishes the process for presenting an injury claim against a government agency based on the conduct of its employees. *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009) (citing 28 U.S.C. § 2675). The claimant must file her claim with the agency within two years of the accrual of the claim. *Id.* (citing 28 U.S.C. § 2401(b)). She then has six months after the agency denies the claim to file suit. 28 U.S.C. § 2401(b). The agency's failure to respond within six months after the claim is filed is deemed a denial. 28 U.S.C. § 2675.

Filing an administrative claim is a prerequisite to filing a tort action against the United States. *See McNeil v. United States*, 508 U.S. 106, 112–13 (1993). The exhaustion requirement is jurisdictional and is not subject to waiver. *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971) (citations omitted).

When Congress passed the Federal Employees Liability Reform and Tort Compensation Act, known as the "Westfall Act," it included a savings provision for the benefit of plaintiffs who mistakenly filed in the wrong forum – the Westfall Savings Clause. 28 U.S.C. § 2679(d)(5). The provision "saves from being barred by the statute of limitations certain timely claims filed in the wrong forum, such as in a state or a federal court rather than with the appropriate administrative agency." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009). It provides:

> (5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure to present a claim pursuant to 2675(a) [Administrative Exhaustion] of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –
>
> (A) the claim would have been timely had it been filed on the date underlying the civil action was commenced, and

> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.
>
> 28 U.S.C. § 2679(d)(5).

Thus, to successfully invoke the savings clause, the plaintiff must satisfy two requirements: (1) the initial action must have been filed within the statute of limitations of the forum where it had been wrongly filed; and (2) the claim must have been submitted to the appropriate administrative agency within 60 days from the dismissal of the action removed from the wrong forum.

The PHSA makes the FTCA the exclusive vehicle for actions against the United States "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions … by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment …." 42 U.S.C. § 233(a). And "[A]ny such civil action or proceeding commenced in a State court shall be removed … and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." 42 U.S.C. § 233(c).

Under the FSHCAA, federally funded community health centers and their employees are deemed to be employees of the Public Health Service and receive the same FTCA protection as federal employees. *Thomas v. Phoebe Putney Health Sys., Inc*, 972 F.3d 1195, 1197–98 (11th Cir. 2020). When the action is removed pursuant to the FSHCAA, it proceeds under the FTCA. 42 U.S.C. § 233(c).

**Analysis**

There is no question that the administrative claim and this action were filed beyond the two-year statute of limitations. The cause of action accrued on July 12, 2022, the date

H.J. died. This action was not filed until November 21, 2025, more than two years after it had accrued. The action can proceed only if the delay is excused by the Westfall Savings Clause.

*The Westfall Savings Clause Applies to Lawsuits Involving Federally Funded Health Centers Under the FSHCAA.*

Behrens contends that Third Circuit precedent is consistent with her statutory interpretation that "the FTCA's procedural framework [including the Savings Clause] applies to cases removed pursuant to the PHSA."[22] The Third Circuit, albeit without holding, has applied the Westfall Savings Clause to actions against federally funded health centers under the FSHCAA and removed to federal court. *See Huertero v. United States*, 601 F. App'x 169 (3d Cir. 2015) (reversing the district court and holding the plaintiff's claim against a doctor deemed by HHS to be eligible for coverage under the FTCA pursuant to the FSHCAA was saved by the Westfall Savings Clause.); *Santos ex rel. Beato v. United States*, 559 F.3d 189 (3d Cir. 2009) (treating a claim against a pediatric health clinic as subject to the Westfall Savings Clause but not applying it because plaintiff's state court action was filed over two years after the claim accrued.).

These cases were decided without addressing the issue here – the nuance between removals under §§ 2679(d) and 233(c). In *Huertero*, the court applied the Westfall Savings Clause to a tort claim against a defendant deemed eligible for coverage under the FTCA pursuant the FSHCAA. But that action, despite the United States' notice of removal recognizing it had been brought under the FSHCAA, was removed pursuant to 28 U.S.C. § 2679(d)(2), not § 233(c).[23] Whether the savings clause applied to § 233(c)

---

[22] Pl.'s Opp'n 10.

[23] Notice of Removal at 2, 4, *Huertero v. Repole*, 12-cv-5340 (D.N.J. Aug. 24, 2012).

removals was not an issue.

The Third Circuit has not addressed the issue as framed by the United States – whether the savings clause applies to cases removed under § 233(c). It almost did in *Knapp v. United States*, No. 21-1523, 2022 WL 3657184 (3d Cir. Aug. 25, 2022). In that case, although the court instructed the parties to brief the issue, it did not reach it, deciding the case on other grounds. *Id.* at *3 n.8.

The Seventh Circuit is the only circuit to decide the issue. In *Evans v. United States*, 132 F. 4th 473, 476 (7th Cir. 2025), it held the Westfall Savings Clause did not apply when the United States substituted itself and removed the action under § 233(c). The court reasoned that the plain text of the savings clause, § 2679(d)(5), "an action or proceeding *in which the United States is substituted as the party defendant under this subsection* …" shows that the provision applies only to those actions substituted under § 2679(d) – not § 233(c). *Id.* at 478.

The *Evans* court concluded that "the text of § 2679(d) demonstrates the Congress intended the savings provision in the Westfall Act to apply only when the United States replaces a federal employee as a defendant under § 2769(d), not § 233(c)." *Id.* at 449. At least one district court has followed *Evans'* reasoning. *See Reynolds v. United States*, No. CV-23-00248, 2026 WL 836276, at *5–7 (D. Ariz. Mar. 26, 2026) ("These cases [*Hui* and *Evans*] support a finding that the Westfall Act is functionally broader than § 233(c) and its savings clause does not apply to suspend the limitations period for a case brought under the more-narrow § 233(c).").

The *Evans* court relied on *Hui v. Casteneda*, 559 U.S. 799 (2010). *Hui* did not

examine § 233(c).[24] In *Hui*, the Supreme Court held that the immunity provided by § 233(a) precludes *Bivens* actions against individual PHS officers or employees for harms arising out of constitutional violations committed while acting within the scope of their employment. *Hui*, 599 U.S. at 799. The Supreme Court rejected the argument that § 233(a) incorporates the entirety of the FTCA, as amended by the Westfall Act, through its reference to § 1346(b). *Id.* at 808–09. Instead, it only incorporates the FTCA's remedy. *Id.*

*Hui* addressed the scope of the remedy in *Bivens* actions for constitutional violations against PHS employees under § 233(a). It did not decide whether the Westfall Savings Clause applied to an action against PHS employees under § 233(c).

Other courts have acknowledged this distinction. *See Brooks v. HSHS Med. Grp., Inc.*, 513 F. Supp. 3d 1069, 1085 (S.D. Ill. 2021) (*Hui* "held that the PHSA precludes *Bivens* actions against PHS employees *personally* for constitutional violations arising out of their official duties …[ ] [b]ut it did not discuss the Savings Clause of the Westfall Act.") (citations omitted)); *Knapp v. United States, Dept. of Health and Human Servs.*, Civ. Act. 3:18-1422, 2020 WL 969624, at *6 (M.D. Pa. Feb. 28, 2020) ("[I]n *Hui*, the Supreme Court did not decide the issue of whether the Westfall Act's savings clause applied to an action against PHS officers and employees.")

The *Evans* textual analysis of § 2679(d) expands the scope of § 233(c) to include a mechanism for substitution even though it only provides for removal. *Hui* teaches that § 233(c) is a mechanism for removal only. It does not provide a mechanism for substituting the United States as the defendant. *Hui*, 559 U.S. at 799 n.9 ("…but unlike §

[24] Pl.'s Opp'n at 14.

2679(d) [Section 233(c)] does not proscribe a particular mechanism for substituting the United States in federal-court actions."). Section 2679(d)(2) of the FTCA supplies the authority for substitution. In other words, § 233(c) provides for removal and § 2679(d) provides for substitution. Thus, once the case is removed under § 233(c) the FTCA governs, allowing for substitution of the United States and applying the Westfall Savings Clause.

This distinction is meaningful. The text of the Savings Clause is triggered only when the United States has been *substituted* as the defendant upon removal under § 2679(d). If § 233(c) is only a mechanism for removal, then what provision provides for substituting the United States as the defendant after removing the action? The text of § 233(c) provides the answer:

> any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.
>
> 42 U.S.C. § 233(c) (emphasis added).

The text "and the proceeding deemed a tort action brought under the provisions of Title 28" means the mechanism for substitution is § 2679(d). Once the action has been removed, the FTCA applies in all respects.

The harmonious-reading canon instructs us to interpret provisions in a way that renders them compatible, not contradictory. *See Zortea v. Costco Wholesale Corp.*, CV-01316, 2023 WL 1970579 at *6 (W.D. Pa. Feb. 13, 2023) (citing *United States v. Bass*, 404 U.S. 336 (1971)). Applying the savings clause to § 233(c) removals provides for a

compatible reading of the FTCA, PHSA, and the FSHCAA.

Applying the Westfall Savings Clause to actions brought against federal employees and not to PHS employees deemed federal employees would lead to absurd results. It is a "basic tenet of statutory construction … that courts should interpret a law to avoid absurd or bizarre results." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (quoting *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 338 (3d Cir. 2006)). "An interpretation is absurd when it 'defies rationality or renders the statute nonsensical and superfluous.'" *Id.* (quoting *United States v. Fontaine*, 697 F.3d 221, 228 (3d Cir. 2012)).

Here, interpreting § 2769(d) in a manner that treats some deemed federal employees differently than others for purposes of applying the savings clause has no reasonable justification. There is no support for the notion that Congress intended deemed PHS employees to be treated differently from other federal employees. There is no rationale for limiting the savings clause depending on who the federal employee is.

The Westfall Savings Clause was intended to excuse plaintiffs filing in the wrong forum. It is a remedial statute. It is not punitive. Congress did not intend to deny a remedy to plaintiffs for PHS employees' torts while permitting a remedy against all other federal employees.

Because we interpret § 233(c) as only a removal mechanism and not a substitution one, the United States could only substitute for the deemed federal employees pursuant § 2679(d). And once the action was removed and the United States substituted pursuant to § 2679(d), the action was deemed a tort action against the United States and the provisions of the FTCA, including the Westfall Savings Clause, applied.

*The Writ of Summons Commenced the Action for Purposes of Satisfying the Westfall Savings Clause*.

The United States contends that filing a praecipe for and the issuance of a summons is not enough to toll the statute of limitations as required by the savings clause. It argues that only the filing of a complaint in conformity with the Federal Rules of Civil Procedure suffices.

There is no requirement that the plaintiff observe federal rules when initiating her claim in the state court. Indeed, how could she? The action was filed in a forum that was not governed by the federal rules. The federal rules did not apply until the action was removed.

Contrary to the United States' contention, Behrens sufficiently commenced the action within the two-year statute of limitations. She filed a praecipe for issuance of writ of summons against Philadelphia FIGHT and its staff on July 8, 2024 and the Prothonotary issued a summons on the same day. At the time, Behrens intended to bring Pennsylvania state law claims against Pennsylvania defendants.

Pursuant to Pa. R. Civ. P. 1007, initiating a lawsuit by summons tolls the statute of limitations. Thus, we conclude Behrens filed her action in the wrong forum within the statute of limitations.

**Conclusion**

Behrens timely presented her claim as required by the Westfall Savings Clause. Therefore, the United States' motion to dismiss is denied.